## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

| | | |
|---|---|---|
| T.W. GREEN, SR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | CASE NO.: 1:14-CV-132 (LJA) |
| v. | : | |
| | : | |
| SAVAGE OF GEORGIA, LLC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Before the Court are Defendant Savage of Georgia, LLC.'s Motion for Extension of Time to File Answer, (Doc. 4), Motion to Dismiss (Doc. 5), and Plaintiff T.W. Green's Motion, in the alternative, for Leave to Amend his Complaint (Doc. 6 at 4, 6). For the reasons that follow, Defendant's Motion for Extension of Time to File Answer is hereby **GRANTED**, the Motion to Dismiss is **GRANTED**, and Plaintiff's Motion for Leave to Amend is **DENIED.**

## BACKGROUND

Plaintiff T.W. Green is a fifty-six-year-old African American male who was employed by Defendant as a spray painter from April 22, 2013, until he was terminated on September 11, 2013. (Doc. 1 at 2). Throughout his employment with Defendant, Plaintiff contends that "[he] and other African American workers were subjected to disparate treatment, different terms and conditions of employment, and held to a different standard than comparable younger white employees." (*Id.*) Specifically, Plaintiff alleges that the "mistreatment came at the hands of" his supervisor, a white male. (*Id.*) Plaintiff avers that "at least four African American employees were fired or quit due to the disparate treatment." (*Id.*)

In August 2013, Defendant began interviewing potential candidates for a spray painter position. Plaintiff alleges that he was informed that Defendant was hiring an additional painter "to help Plaintiff," and he was "told that he was not being replaced." (*Id.*)

Despite these assurances, Plaintiff alleges that he was terminated and replaced by a white painter. *Id.* Plaintiff contends that "approximately six to eight black painters applied" for the position, although the position was ultimately offered to a white painter. *Id.* For reasons not specified in the complaint, that painter ended his employment three days after being hired. *Id.* On September 11, 2013, Plaintiff alleges that he was terminated "for a contrived reason" and allegedly replaced by "a younger, white male." *Id.* Plaintiff does not specify the exact basis upon which he was terminated or explain how it was contrived.

On September 2, 2014, Plaintiff filed a complaint in the above-captioned matter, alleging that he was discriminated against because of his race and age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); 42 U.S.C. § 1981 ("Section 1981" or "§ 1981"); and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* (the "ADEA"). On December 29, 2014, Defendant moved for an extension of time to respond to the complaint, to which Plaintiff consented. (Doc. 4 at 2).  In accordance with that motion, Defendant timely moved to dismiss the complaint pursuant to Federal Rule 12(b)(6) on January 6, 2015. (Doc. 5).

Defendant moves to dismiss Plaintiff's race and age discrimination claims on the grounds that Plaintiff has failed to allege sufficient facts to support his claims. Defendant contends that Plaintiff's complaint contains only conclusory statements and a recitation of the elements, which are insufficient to support the race and age discrimination claims. Further, Defendant contends that Plaintiff has failed to establish an essential element of both claims—that Defendant is an "employer" under Title VII or the ADEA.  Plaintiff has moved in the alternative for the Court to grant him leave to file an amended complaint. (Doc. 6 at 4, 6).

## DISCUSSION

### I.      Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to assert the defense of failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), the complaint must plead enough facts to state a claim for relief that is plausible—not just conceivable—on its face. *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007). Restated, "the factual allegations in the complaint must possess enough heft to set forth a plausible entitlement to relief." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (internal citation and punctuation omitted).

The "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While notice pleading is a liberal standard, "it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. A "plaintiff's obligations to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Moreover, when evaluating the sufficiency of a complaint, the Court must "make reasonable inferences in plaintiff's favor;" however, the Court is "not required to draw plaintiff's inference[s]." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (quoting *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005)), abrogated on other grounds by *Mohamad v. Palestinian Auth.*, 132 S. Ct. 1702 (2012).

## II.   Analysis

### A. Employee-numerosity requirement

As discussed in detail below, Plaintiff's complaint is insufficient on its face. Plaintiff has failed to allege sufficient facts to support several essential elements of his claims. As such, his claims must fail.

First, Plaintiff failed to plead facts that establish that Defendant is an "employer" under Title VII or the ADEA.[1] Title VII defines an employer as a "person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . ." 42 U.S.C. § 2000e(b). Similarly, the ADEA defines an employer as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . ." 29

---

[1] The Court notes that Section 1981 does not have an employee-numerosity requirement. *See* 42 U.S.C. § 1981.

U.S.C. § 630(b). "The only notable difference between the two statutes' definitions of 'employer' is the number of 'employees' each statute requires. Title VII requires fifteen or more employees, while ADEA requires twenty or more." *Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A.*, 104 F.3d 1256, 1264 (11th Cir. 1997). The Supreme Court has held that "the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006); *see also Faulkner v. Woods Transp., Inc.*, 174 F. App'x 525, 528 (11th Cir. 2006) ("Title VII's employee-numerosity requirement is an element of the plaintiff's claim."). Likewise, the Eleventh Circuit has held that "whether or not the defendant is an 'employer' is an element of an ADEA claim." *Garcia*, 104 F.3d at 1267.

Plaintiff argues that he is not required to specifically allege that Defendant qualifies as an employer under either Title VII or the ADEA. As noted above, however, the employee-numerosity requirement is a necessary element of a plaintiff's claim under Title VII and the ADEA. *See Arbaugh*, 546 U.S. at 516; *Garcia*, 104 F.3d at 1267.  Because the employee-numerosity requirement is a necessary element of Plaintiff's claims under Title VII and the ADEA and because Plaintiff failed to plead that Defendant has the requisite number of employees to qualify as an employer under the above-referenced statutes, Plaintiff's claims under the Title VII and the ADEA fail as a matter of law.

B. *Title VII and Section 1981*

Title VII prohibits an employer from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Likewise, Section 1981 provides that "all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981(a) "The analysis of a disparate treatment claim is the same whether that claim is brought under Title VII, § 1981, or § 1983." *Hopkins v. Saint Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th

Cir. 2010) (citing *Rice-Lamar v. City of Ft. Lauderdale, Fla.*, 232 F.3d 836, 844 n. 11 (11th Cir. 2000)).

To state a claim for race discrimination, "a complaint need only provide enough factual matter (taken as true) to suggest intentional discrimination." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1256 (11th Cir. 2015). To sustain a claim of race discrimination, a plaintiff must show that: (1) he is a member of a protected class; (2) he was subject to an adverse employment action; (3) his employer treated similarly situated employees outside of his protected class more favorably than he was treated; and (4) he was qualified for the job. *Surtain*, at 1244 n. 3; *see also Burke-Fowler v. Orange Cnty., Fla.*, 447 F.3d 1319, 1323 (11th Cir. 2006).

Plaintiff has alleged sufficient facts to establish that he is a member of protected class, that he was subject to an adverse employment action, and that he was, arguably, qualified for the job.[2] However, Plaintiff has failed to allege sufficient facts to establish that he was treated differently than similarly situated individuals who were outside his protected class. Throughout the complaint, Plaintiff alleges that "[he] has been the victim of discrimination on the basis of race in that he was treated differently than similarly situated white employees of Defendant." (Doc. 1 at 3). Plaintiff fails to allege any facts to support this conclusory allegation. Plaintiff fails to explain what specific disparate treatment he experienced. Nor does he give any examples of the disparate treatment he allegedly witnessed. Rather, he merely alleges that "he experienced and witnessed disparate treatment of African Americans by Defendant and[,] at least[,] four African Americans employees were fired or quit due to the disparate treatment." (Doc. 1 at 2). These allegations are at best "me too" evidence to support a pattern and practice claim. *See Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1285-86 (11th Cir. 2008). Such a claim would fail as well because Plaintiff has failed to allege specific facts connecting the prior acts of alleged discrimination against African Americans to his current claim for race discrimination. *See Denney v. City of Albany*, 247 F.3d 1172, 1189

---

[2] Arguably, Plaintiff was qualified for the job given that he was hired and employed for approximately six months. That Plaintiff was fired could indicate that he was found not to be qualified, but for purposes of this Motion, Plaintiff has alleged sufficient facts to support this element.

(11th Cir. 2001) ("[C]ourts are reluctant to consider 'prior bad acts' in this [employment discrimination] context where those acts do not relate directly to the plaintiffs.").

Furthermore, Plaintiff's allegation that he was fired "for a contrived reason" fails to provide a sufficient factual basis to conclude that his termination was based on his race. Critically, Plaintiff failed to explain how the termination was "contrived" or motivated by racial animus. As the Eleventh Circuit noted in *Alvarez v. Royal Atl Developers, Inc.*, 610 F.3d 1253, 1265 (11th Cir. 2010), the Court's "sole concern is whether [an] unlawful discriminatory animus motivated the decision." As such, Plaintiff has failed to allege sufficient facts to support the claim that he was treated differently than similarly situated non-black employees and that Defendant intentionally discriminated against him. Accordingly, Plaintiff has failed to state a claim for race discrimination under either Title VII or Section 1981.

### C. The ADEA

The ADEA prohibits employers from discriminating against an employee on the basis of age. *See* 29 U.S.C. §§623(a)(1). The ADEA applies to "individuals [who are] at least 40 years of age." 29 U.S.C. § 631(a). Similar to a Title VII claim, a plaintiff can establish an inference of intentional age discrimination by pleading that: (1) he is a member of a protected age group; (2) he was subjected to an adverse employment action; (3) he was qualified to do the job; and (4) he was replaced by a younger individual. *See Chapman v. Al Transport*, 229 F.3d 1012, 1024 (11th Cir. 2000). Critically, the plaintiff must prove that age was the "but-for" cause of the adverse employment decision. *See Sims v. MVM, Inc.*, 704 F.3d 1327, 1332 (11th Cir. 2013).

Plaintiff contends that "[he] has been the victim of discrimination on the basis of his age in that he was treated differently than similarly situated younger employees of Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of his age." (Doc. 1 at 4). According to Plaintiff, he was replaced by a "younger" male. *Id.* at 2. Like Plaintiff's allegations of race discrimination, these allegations are insufficient to support a disparate treatment claim under the ADEA.

Plaintiff has pled sufficient facts to allege that he is a member of a protected age group, that he was subject to an adverse employment action, and that he, arguably, was qualified for the job. Plaintiff, however, has failed to allege facts supporting his claim that he was replaced by a younger person or that age was the but-for cause of his termination. Plaintiff failed to identify any younger employees who were similarly situated and treated more favorably than him. That Plaintiff subjectively believes that he was treated differently than similarly situated employees is insufficient to support an inference of disparate treatment. *See Caraway v. Sec'y, U.S. Dep't of Transp.*, 550 F. App'x 704, 710 (11th Cir. 2013) (finding that the district court properly dismissed the plaintiffs' ADEA claim because "the amended complaint did not specifically allege the existence of a valid comparator or otherwise allege facts giving rise to an inference of disparate treatment, the plaintiffs failed to allege a valid ADEA claim.").

Moreover, Plaintiff has failed to allege any facts demonstrating that his age played a role in Defendant's adverse employment decision. *See Chapman*, 229 F.3d at 1024. ("[T]he plaintiff's age must have actually played a role in the employer's decision[-]making process and had a determinative influence on the outcome."). As such, the Court is unable to reasonably infer that Plaintiff's termination was substantially motivated by his age. *See Smith v. CH2M Hill, Inc.*, 521 F. App'x 773, 775 (11th Cir. 2013). Accordingly, Plaintiff has failed to state a claim under the ADEA.

### D. *Leave to Amend*

In his response to the Motion to Dismiss, Plaintiff argues that his complaint is sufficient, but has moved, in the alternative, for the Court to grant him leave to file an amended complaint. (*See* Doc. 6 at 4, 6). The Eleventh Circuit has held that "[f]iling a motion is the proper method to request leave to amend a complaint." *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999). "A motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." *Id.*; *see also U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1362 n. 25 (11th Cir. 2006) ("[A] motion for leave to amend must attach the proposed amendment or set forth the substance thereof ."). Because Plaintiff failed to state, with particularity, the substance of the proposed

amendment or attach an amended complaint, Plaintiff's Motion for Leave to Amend is **DENIED**.

## CONCLUSION

Based on the forgoing, Defendant's Motion for an Extension (Doc. 4) is **GRANTED**. Defendant's Motion to Dismiss (Doc. 5) is **GRANTED without prejudice.** Plaintiff's Motion for Leave to Amend (Doc. 6) is **DENIED.**

**SO ORDERED**, this  27th   day of August, 2015.

**/s/ Leslie J. Abrams**
**LESLIE J. ABRAMS, JUDGE**
**UNITED STATES DISTRICT COURT**